```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JUSTINE FERREIRA, *individually and as parent and*                :
*natural guardian of N.R.*,                                       :
                                                                  :
                                  Plaintiff,                      :      19-CV-2937 (JMF)
                                                                  :
          -v-                                                     :
                                                                  :
NEW YORK CITY DEPARTMENT OF EDUCATION,                            :
                                                                  :
                                  Defendant.                      :
                                                                  :
------------------------------------------------------------------:
                                                                  :
JUSTINE FERREIRA, *individually and as parent and*                :
*natural guardian of N.R.*,                                       :
                                                                  :      19-CV-8519 (JMF)
                                  Plaintiff,                      :
                                                                  :
          -v-                                                     :      MEMORANDUM OPINION
                                                                  :      AND ORDER
RICHARD CARRANZA et al.,                                          :
                                                                  :
                                  Defendants.                     :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      These cases are two of many brought by the same counsel in this District in which the parent of a child with a disability unilaterally moved the child from a school called the International Academy of Hope ("iHOPE") to another school called the International Institute for the Brain ("iBrain") and then sought funding under the "stay-put provision" of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j), during the pendency of an administrative action brought to determine the propriety of the placement at iBrain.  Judges within this District have reached conflicting decisions on whether a parent can obtain funding

under the stay-put provision in such circumstances, and the matter is currently pending on appeal. *See, e.g.*, *De Paulino v. N.Y.C. Dep't of Educ.*, No. 19-1662 (2d Cir.) (argued Jan. 28, 2020). The Court agrees with those judges who have held that a parent may not obtain funding under the circumstances presented here and, thus, grants summary judgment to the New York City Department of Education ("DOE") in both cases. Additionally, the Court grants the motion to dismiss filed by the New York State Education Department ("SED") in Case No. 19-CV-8519. Accordingly, Plaintiff's complaints in both cases are dismissed.

## BACKGROUND

Familiarity with the history of these cases and the related administrative actions is presumed. The key facts are not in dispute and will be recounted only briefly.

"The IDEA offers federal funds to states that demonstrate, *inter alia*, that they have developed plans to assure 'all children with disabilities residing in the state' a 'free appropriate public education' ('FAPE')." *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 159-60 (2d Cir. 2004) (quoting 20 U.S.C. § 1412(a)(1)(A)). "The centerpiece of the IDEA's education delivery system is the individualized education program, or IEP." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 197 (2d Cir. 2002) (internal quotation marks omitted). A parent who is dissatisfied with a child's IEP or the State's provision of a FAPE may seek administrative and judicial review pursuant to IDEA-mandated procedures. *See Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F. Supp. 2d 449, 454 (S.D.N.Y. 2005). During the pendency of such proceedings, the IDEA requires the State to "maintain the educational status quo while the parties' dispute is being resolved." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (internal quotation marks omitted). In particular, the "stay-put" provision of the statute states that "the child shall remain in the then-

current educational placement," "unless the State or local educational agency and the parents otherwise agree." 20 U.S.C. § 1415(j); *see also* 34 C.F.R. § 300.518. It is designed to ensure that the school district "continue[s] funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Doe*, 790 F.3d at 452.

Plaintiff is the mother of N.R., a child with disabilities. *See* Docket No. 19-CV-2937, ECF No. 30, ¶¶ 1-2. During the 2017-2018 school year, N.R. attended iHOPE, a special needs school for children suffering from brain injuries and other brain-related disorders. *Id.* ¶ 4. On January 25, 2018, Plaintiff requested an administrative hearing with an Impartial Hearing Officer ("IHO"), claiming that N.R. was entitled to FAPE funding for the 2017-2018 school year. Docket No. 19-CV-2937, ECF No. 30-3, at 4-5. On June 20, 2018, the IHO approved funding for the year and determined that iHOPE was an "appropriate placement." *Id.* at 6-7. The IHO ordered full reimbursement for the cost of N.R.'s attendance, and thus directed the DOE to pay iHOPE directly for N.R.'s tuition and related services. *Id.* at 6. On June 21, 2018 — that is, the very next day — Plaintiff gave the DOE "10 days' notice" that she intended to "unilaterally place" N.R. at iBrain for the 2018-2019 school year. Docket No. 19-CV-2937, ECF No. 30-4.[1]

---

[1] The circumstances surrounding Plaintiff's abrupt transfer of N.R. to iBrain are curious, but ultimately irrelevant to the Court's decision. iBrain appears to have been started "by the same individual who founded iHope," and "contain[s] many of the same students and staff." *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 384 F. Supp. 3d 441, 447, 450 (S.D.N.Y. 2019), *appeal filed*, No. 19-1813 (2d Cir. June 19, 2019); *see also* Docket No. 19-CV-2937, ECF No. 33, at 11 & n.9, 169 (noting that the director of iBrain previously worked at iHope). The circumstances of the founder's departure are equally unclear. In one case, Plaintiff's counsel described "a split between the original founders and some of the [iHope] board" over whether iHope should admit students with disabilities besides traumatic brain injuries. *Fiallos v. N.Y.C. Dep't of Educ.*, No. 19-CV-334 (JGK) (S.D.N.Y. Sept. 16, 2019), ECF No. 59, at 6-7. But in another case, Plaintiff's counsel stated that "the original founders and some of the administration was ousted" from iHope. *See Mendez v. N.Y.C. Dep't of Educ.*, No. 19-CV-2945 (DAB) (S.D.N.Y. Sept. 20, 2019), ECF No. 27, at 6-7, 17. Intriguingly, in July 2018 — right around the

3

The DOE never agreed to N.R.'s transfer, and no IHO approved it. Nevertheless, N.R. began attending iBrain on July 9, 2018. Docket No. 19-CV-2937, ECF No. 30, ¶ 9. The same day, Plaintiff filed an administrative action for FAPE funding for the 2018-2019 year, as well as pendency funding — both at iBrain. *Id.* ¶ 14. On October 16, 2018, the IHO denied the request for pendency funding. *Id.* ¶ 17. On November 26, 2018, the State Review Office ("SRO") upheld the IHO's denial of pendency funding, albeit on different grounds. *Id.* ¶ 18. The FAPE action remains pending.

Later, Plaintiff re-enrolled N.R. at iBrain for the 2019-2020 school year and filed another administrative action for funding. *See* Docket No. 19-CV-8519, ECF No. 1, ¶¶ 25-27. An IHO was assigned and held a pendency hearing on January 15, 2020. *Id*. ECF No. 48, ¶¶ 2-4. No decision has been issued on either pendency or FAPE funding.[2]

---

time of the "split" or "ouster" — a whistleblower complaint was filed by an iHOPE employee, which alleged that the founder of iHope, Patrick Donohue, was simultaneously running a law firm to which iHOPE paid $165,000 per year as part of a scheme "to funnel federal and state education funds to Donohue personally." *See Batmanghelidj v. Int'l Academy of Hope*, No. 18-CV-6562 (VM) (S.D.N.Y. July 20, 2018), ECF No. 1, ¶¶ 1-4. That case ended in a "confidential settlement agreement." *Id.* ECF No. 25. Notably, Donohue also appears to be the founder of the Brain Injury Rights Group, a different law firm that represents Plaintiff here and the plaintiffs in many, if not all, of the other cases seeking funding at iBrain. *See Donohue v. N.Y.C. Dep't of Educ.*, No. 18-CV-9364 (DAB) (S.D.N.Y. Oct. 18, 2018), ECF No. 7, ¶ 8; *id.* ECF No. 34, at 2.

2       Despite this, the Court has subject-matter jurisdiction because "an action alleging violation of the stay-put provision falls within one, if not more, of the enumerated exceptions to the IDEA's exhaustion requirement." *Doe*, 790 F.3d at 455 (internal quotation marks omitted); *see, e.g.*, *De Paulino v. N.Y.C. Dep't of Educ.*, No. 19-CV-222 (GBD), 2019 WL 1448088, at *5 (S.D.N.Y. Mar. 20, 2019), *appeal filed*, No. 19-1662 (2d Cir. June 3, 2019). Moreover, the Court finds that Plaintiff has standing. *See E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 456 (2d Cir. 2014) (finding that a plaintiff had standing to sue for direct payment to a private school under the IDEA, even though she had not yet paid any tuition and "there is reason to believe that the school may not seek to enforce the obligation absent success by E.M. in her IDEA challenge," because "Plaintiff's contractual obligation itself constitutes an 'injury in fact' for Article III purposes, one that is 'redressable' by the direct tuition payment she seeks"); *cf. Cohen v. N.Y.C. Dep't of Educ.*, No. 18-CV-11100 (JMF), 2018 WL 6528241, at *1-2 (S.D.N.Y. Dec. 12, 2018) (finding that the plaintiffs lacked standing to seek a TRO because the IHO granted

In Case No. 19-CV-2937, Plaintiff seeks pendency funding for the 2018-2019 school year. In Case No. 19-CV-8519, Plaintiff seeks pendency funding for the 2019-2020 school year.

**DISCUSSION**

The term "educational placement" in Section 1415(j), the stay-put provision, "refers only to the general type of educational program in which the child is placed." *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014) (internal quotation marks omitted). To determine what a child's education placement is, "a court typically looks to: (1) the placement described in the child's most recently implemented IEP; (2) the operative placement actually functioning at the time when the stay-put provision of the IDEA was invoked; or (3) the placement at the time of the previously implemented IEP." *Doe*, 790 F.3d at 452 (internal quotation marks omitted). In some cases, multiple schools can satisfy the same educational placement. *See Hidalgo v. N.Y.C. Dep't of Educ.*, No. 19-CV-2590 (RA), 2019 WL 5558333, at *6 (S.D.N.Y. Oct. 29, 2019). The principal question in these cases is, while the plaintiff's due process complaint is pending, who gets to choose which school a child can attend with funding under the stay-put provision. If a parent can, then Plaintiff may be entitled to pendency funding under the stay-put provision; if a parent cannot, she is not entitled to pendency funding in either of these cases and her claims fail as a matter of law.

As noted, other judges in this District have confronted this question under varying circumstances and reached different answers. *Compare, e.g.*, *Navarro Carrilo v. N.Y.C. Dep't of Educ.*, 384 F. Supp. 3d 441, 447, 460-61 (S.D.N.Y. 2019) (overruling the IHO's substantial similarity determination and granting the plaintiff's claim for funding, holding that "parents may

---

their request for direct funding, and there was no indication that iBrain would demand payment from them before the SRO completed its review).

move their child from a previously approved private facility to another private facility and still receive 'stay put funding'" if the education program is "substantially similar"), *appeal filed*, No. 19-1813 (2d Cir. June 19, 2019), *and Abrams v. Carranza*, No. 19-CV-4175 (AJN), 2019 WL 2385561, at *4-5 (S.D.N.Y. June 6, 2019) (granting the plaintiff's claim for funding in light of the IHO's determination that the plaintiff was entitled to pendency placement at iBrain based on the "substantial similarity" of the old and new programs), *with Neske v. N.Y.C. Dep't of Educ.*, No. 19-CV-2933 (VEC), 2019 WL 3531959, at *6 (S.D.N.Y. Aug. 2, 2019) (denying the plaintiffs' claim for funding because the IHO had not determined that iBrain was the appropriate placement for the plaintiff and "§ 1415(j) does not require the City to fund a student's attendance at a preferred, 'substantially similar' school, at least not when the existing school is concededly able to service the student's IEP"), *appeal filed*, No. 19-4068 (2d Cir. Dec. 9, 2019), *and Hidalgo*, 2019 WL 5558333, at *5 (holding that the IDEA does not empower parents to veto unilaterally an agreed-upon school location and move their child to a preferred school). The issue is currently before the Second Circuit. *See Fiallos*, Docket No. 19-CV-334 (JGK), ECF No. 63 (noting at least seven cases on appeal).

Under these circumstances, the Court feels no need to spill further ink on the issue. Instead, it suffices to say that the Court is persuaded by the thoughtful and well-reasoned decisions of Judge Caproni in *Neske* and Judge Abrams in *Hidalgo* that parents are not entitled to stay-put funding where, as here, they unilaterally change their child's pendency-funded school and a school district has not agreed to the switch, through an IHO or otherwise. *See Hidalgo*, 2019 WL 5558333, at * 5-6; *cf. Abrams*, 2019 WL 2385561, at *5 (enforcing an IHO's authorization of funding at iBrain and distinguishing cases like Plaintiff's that seek to "*overrid*[*e*] an IHO's determination that a student was not entitled to a pendency placement at a new site"

6

(emphasis in original)); *cf. also Doe*, 790 F.3d at 446, 452-53 (noting that the school district had agreed to pay for services at a new private school, and requiring the district to maintain those services under the stay-put provision). Instead, "[i]t is up to the school district to decide how to provide that educational program, at least as long as the decision is made in good faith." *T.M.*, 752 F.3d at 171. Here, there is no suggestion, let alone evidence in the record, that iHOPE was inadequate, unavailable, or chosen by the DOE in bad faith. Accordingly, when Plaintiff unilaterally transferred N.R. to iBrain, she "took responsibility for the costs of obtaining those services." *Id.* at 172; *cf. Sch. Comm. of the Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 373-74 (1985) ("[P]arents who unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local school officials, do so at their own financial risk.").[3]

That leaves the SED's motion to dismiss, which is granted substantially for the reasons stated in its memoranda of law. *See* Docket No. 19-CV-8519, ECF Nos. 45 & 50. Plaintiff alleges that the SED "failed . . . to ensure timely adjudication of Plaintiffs' administrative due process complaint," *id*. ECF No. 1, ¶ 50, and seeks an order requiring "SED to appoint an IHO to timely hear and conduct a due process proceeding," *id.* Prayer for Relief ¶ (b)(iii). But an IHO has been appointed and has already held a hearing on Plaintiff's pendency funding claim. *See id*. ECF No. 48, ¶¶ 2-4. In addition, Plaintiff has identified no other harm it continues to suffer while the administrative action proceeds in the normal course, especially since Plaintiff's

---

[3]   Plaintiff also argues that iBrain was N.R.'s "operative placement" when the administrative actions were filed. That argument plainly fails as to the 2018-2019 school year because the relevant action was filed on N.R.'s "*first day* attending the institution." *See Hidalgo*, 2019 WL 5558333, at *8 (emphasis in original). The argument fails more broadly because allowing parents to establish an "operative placement" simply by transferring their child to another school would undermine the school district's ability to choose the pendency-funded program.

7

enrollment contracts with iBrain expressly defer any payment of tuition until Plaintiff's right to funding under the IDEA is determined. *See* Docket No. 19-CV-2937, ECF No. 30-5, at 3, 9.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for summary judgment and a preliminary injunction are DENIED, and the DOE's cross-motion for summary judgment and the SED's motion to dismiss are GRANTED. In addition, the Court GRANTS summary judgment *sua sponte* to the DOE in Case No. 19-CV-8519, despite the absence of a formal cross-motion. *See AAR Allen Servs. Inc. v. Feil 747 Zeckendorf Blvd. LLC*, No. 13-CV-3241 (JMF), 2014 WL 1807098, at *3 (S.D.N.Y. May 6, 2014) ("It is well established that, in considering a motion for summary judgment, a court may grant summary judgment in favor of the non-moving party even without a formal cross-motion . . . so long as the moving party has had an adequate opportunity to come forward with all of its evidence." (internal quotation marks omitted)).

The Clerk of Court is directed to terminate ECF Nos. 29 and 36 in Docket No. 19-CV-2937 and ECF No. 44 in Docket No. 19-CV-8519, and to close both cases.

SO ORDERED.

Dated: March 2, 2020
New York, New York

JESSE M. FURMAN
United States District Judge