```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JUSTINE FERREIRA, individually as parent and                      :
natural guardian of N.R.,                                         :
                                                                  :
                                    Plaintiff,                    :     19-CV-2937 (JMF)
                                                                  :
           -v-                                                    :
                                                                  :
NEW YORK CITY DEPARTMENT OF EDUCATION,                            :
                                                                  :
                                    Defendant.                    :
                                                                  :
------------------------------------------------------------------:
                                                                  :
JUSTINE FERREIRA, individually as parent and                      :
natural guardian of N.R.,                                         :
                                                                  :     19-CV-8519 (JMF)
                                    Plaintiff,                    :
                                                                  :
           -v-                                                    :     MEMORANDUM OPINION
                                                                  :           AND ORDER
RICHARD CARRANZA et al.,                                          :
                                                                  :
                                    Defendants.                   :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On March 2, 2020, the Court issued a Memorandum Opinion and Order. In Case No. 19-CV-2937, the Court denied Plaintiff's motion for summary judgment and granted the New York City Department of Education's ("DOE") cross-motion for summary judgment. *See* ECF No. 48. In Case No. 19-CV-8519, the Court granted summary judgment *sua sponte* to the DOE, denied Plaintiff's motion for summary judgment and a preliminary injunction, and granted the New York State Education Department's motion to dismiss. *See* ECF No. 51. On March 4 and 5, 2020, Plaintiff submitted nearly identical motions for reconsideration of that Opinion and Order.

*See* Docket No. 19-CV-2937, ECF No. 50 (filed March 4, 2020); Docket No. 19-CV-8519, ECF No. 53 (filed March 5, 2020). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks, citations, ellipsis, and alterations omitted).

Applying that standard here, the Court can and does swiftly reject most of Plaintiff's arguments. Plaintiff first argues that the DOE did not "cho[o]se the iHOPE school as N.R.'s pendency placement location," *see* Docket No. 19-CV-2937, ECF No. 51, at 4; Docket No. 19-CV-8519, ECF No. 54, at 4, but that is beside the point because the IHO established iHOPE as N.R's "appropriate placement" through its June 20, 2018 order, Docket No. 19-CV-2937, ECF No. 30-3, at 6-7. *See Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 484 (2d Cir. 2002) ("[O]nce a parents' challenge succeeds . . . consent to the private placement is implied by law."); *Neske v. N.Y.C. Dep't of Educ.*, No. 19-CV-2933 (VEC), 2019 WL 3531959, at *1 (S.D.N.Y. Aug. 2, 2019) (noting that the IHO "determined that iHope provided an appropriate program for A.N."). Next, Plaintiff argues that an "educational placement" is different from a school. *See* Docket No. 19-CV-2937, ECF No. 51, at 6-7; Docket No. 19-CV-8519, ECF No. 54, at 6-7. That may be so, but Plaintiff fails to show that she, as opposed to the school district, gets to choose the child's particular school under the circumstances presented. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 420 (2d Cir. 2009) ("The parents' actions suggest they seek a 'veto' over school choice, rather than 'input' — a power the IDEA clearly does not grant

2

them."). Finally, Plaintiff argues that it is not her burden to prove that iHOPE was "unavailabl[e]." *See* Docket No. 19-CV-2937, ECF No. 51, at 7; Docket No. 19-CV-8519, ECF No. 54, at 7. Once again, however, Plaintiff misses the point: Plaintiff unilaterally chose to remove N.R. from iHOPE, which was adequately providing the "educational placement . . . last agreed upon for the child." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (internal quotation marks omitted).

Separately, Plaintiff asks the Court to delete Footnote 1, on the ground that it "contains unproven factual allegations" and one inaccurate statement. *See* Docket No. 19-CV-2937, ECF No. 51, at 8; Docket No. 19-CV-8519, ECF No. 54, at 8. Notably, Footnote 1 of the Court's Memorandum Opinion and Order primarily recounts a variety of statements *made by Plaintiff's counsel* in similar cases. *See, e.g.*, *Mendez v. N.Y.C. Dep't of Educ.*, No. 19-CV-2945 (DAB) (S.D.N.Y. Sept. 20, 2019), ECF No. 27, at 7 (Mr. Ashanti stating that "essentially the original founders and some of the administration was ousted"). Plaintiff's only specific objection to the footnote is to the Court's statement that another action was settled in a "confidential settlement." Although the letter from which the Court quoted stated that the parties in that action had reached a "confidential settlement agreement," *Batmanghelidj v. Int'l Academy of Hope*, No. 18-CV-6562 (VM) (S.D.N.Y. Apr. 24, 2019), ECF No. 25, Plaintiff is correct that there is no public confirmation, one way or another, of whether the parties actually executed the agreement. Accordingly, the Court will issue an amended opinion removing that one sentence. The Court otherwise sees no reason to amend, let alone delete, Footnote 1.

Accordingly, Plaintiff's motions are DENIED, except that the Court will issue an amended Memorandum Opinion and Order removing the one sentence discussed above. The

3

Clerk of Court is directed to terminate ECF No. 50 in Docket No. 19-CV-2937 and ECF No. 53 in Docket No. 19-CV-8519.

    SO ORDERED.

Dated: March 5, 2020
       New York, New York

                                        JESSE M. FURMAN
                                  United States District Judge